UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-20087-CIV-MARRA
(APPEAL FROM BANKRUPTCY CASE NO. 10-26423-BKC-AJC)

PRONTOCOM, INC.,

       Appellant,

v.

INFOLINK GLOBAL CORPORATION,
Reorganized Debtor,

       Appellee.

_____/

## OPINION AND ORDER

This cause is before the Court upon Prontocom, Inc.'s ("Prontocom" or "Appellant") appeal of the Bankruptcy Court's Memorandum Order Adjudicating Factual Issues on Remand and Final Judgment Upon Remand issued on November 18, 2013. The appeal is ripe for review. Additionally, Infolink Global Corporation ("Infolink" or "Appellee") filed a Motion to Dismiss Frivolous Appeal (DE 8). The Motion to Dismiss is also ripe. For the reasons stated below, this Court affirms the Bankruptcy Court's Order and Final Judgment Upon Remand, and denies the Motion to Dismiss as moot.

## I. Jurisdiction

District courts have jurisdiction to review appeals from final bankruptcy court judgments, orders, and decrees. 28 U.S.C. § 158(a). Here, the Bankruptcy Court's Memorandum Order Adjudicating Factual Issues on Remand and Final Judgment Upon Remand are final. Therefore, this Court has jurisdiction.

## II. Standard of Review

The district court reviews the factual findings of a bankruptcy court for clear error, and reviews *de novo* a bankruptcy court's conclusions of law of and application of the law to the particular facts of the case.  Fed. R. Bankr. P. 8013; *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009).

## III.  Background

After affirming the Bankruptcy Court's Order Confirming the Chapter 11 Plan, this Court granted rehearing and remanded the case for the limited purpose of making a factual finding as to the relationship between Prieur J. Leary, III ("Leary") and Prontocom.[1]  Upon remand, the Bankruptcy Court conducted a trial on October 18, 2013.   Ultimately, the Bankruptcy Court found that a substantive legal relationship existed between Leary and Prontocom at all relevant times during this case, and that Prontocom was adequately represented by Leary in both the main Chapter 11 case and the fraudulent transfer adversary proceeding.  The final judgment was entered accordingly, and this appeal ensued.

## IV.  Discussion

A factual finding is "clearly erroneous"

> when although there is evidence to support it, the reviewing court, upon examining the entire evidence, is left with the definite and firm conviction that a mistake has been committed. If the lower court's assessment of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*Kane v. Stewart Tilghman Fox & Bianchi, P.A.*, 485 B.R. 460, 468 (S.D. Fla. 2013) (citations

---

[1]The case number for that appeal was 12-cv-21339-KAM.

omitted).

Here, the Bankruptcy Court conducted a trial, and received testimony and documentary evidence, *see* Exhibits (DE 9). Upon review of the record, this Court finds that the Bankruptcy Court did not make any clearly erroneous factual findings, and did not err in applying the relevant law to the facts of this case.

## V. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Bankruptcy Court's Memorandum Order Adjudicating Factual Issues on Remand and Final Judgment Upon Remand issued on November 18, 2013 are **AFFIRMED**. This Court's original Opinion and Order (DE 37 in 12-cv-21339-KAM) affirming the Bankruptcy Court's Order Confirming Second Amended Chapter 11 Plan of Reorganization is incorporated by reference as a basis for this decision because the record now supports the conclusion reached by this Court in the initial appeal. Lastly, Appellee's Motion to Dismiss Frivolous Appeal (DE 8) is **DENIED AS MOOT**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of August, 2014.

_____
KENNETH A. MARRA
United States District Judge